**RDL, INC./CIDA, INC., dba PACIFIC DESIGN BUILD COLLABORATIVE, Plaintiffs,**

**v.**

**AMERICAN SAMOA COMMUNITY COLLEGE, Defendant.**

High Court of American Samoa
Trial Division

CA No. 113-01

February 26, 2002

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima
        For Defendant, Paul F. Miller

### ORDER DENYING MOTION TO DISMISS ANSWER AND COUNTERCLAIM

Plaintiff has moved to "dismiss" defendant's answer and counterclaim, arguing that defense counsel is a private attorney thus improperly representing defendant, a government agency. Plaintiff submits that only the Attorney General can properly represent a government agency. Citing to U.S. mainland caselaw, plaintiff contends that it is the role of

the Attorney General to prosecute and defend legal actions involving agencies of state governments.

■ While this is generally true, Attorneys General are by no means exclusive actors in the field of governmental representation. The statute creating a state agency or office may authorize, expressly or implicitly, the engagement of counsel, other than the Attorney General. *Shute v. Frohmiller*, 90 P.2d 998, 999 (Ariz. 1939); *State Comp. Ins. Fund v. Riley*, 69 P.2d 985, 987 (Cal. 1937) (agency's power to appoint counsel can be implied from general provisions of the statute creating agency); 7 AM. JUR. 2D *Attorney General* §§ 19-20 (1997, 2000). The specific grant of power to a state agency to "sue and be sued" has been held to constitute authority for it to appoint its own counsel. *Watson v. Caldwell*, 27 So. 2d 524, 528 (Fla. 1946).

■ The statute authorizing the creation of the American Samoa Community College imbues the school with the power and responsibility to "sue and be sued." A.S.C.A. § 16.2002. The American Samoa Community College also has the power to enter into contracts. *Id.* We see no provision in the Territory's Constitution directly contrary to this interpretation. Agencies are not directly forbidden to employ attorneys other than the Attorney General, and the Attorney General is not anointed as the only option the government has for legal counsel. We therefore hold that the statute creating the college implies, in this instance, the power to hire outside counsel.

It is so ordered.